[Civ. No. 27213.   Second Dist., Div. Two.   Mar. 23, 1964.]

DOROTHY L. SIMPSON et al., Plaintiffs and Appellants, v. MARJORIE A. WINKELMAN et al., Defendants and Respondents.

John F. Bremer for Plaintiffs and Appellants.

Leonard S. Beck for Defendants and Respondents.

KINCAID, J. pro tem.*—Plaintiffs appeal from a judgment that they take nothing against defendants. By first amended complaint, plaintiffs allege as a first cause of action that on September 15, 1958, defendants executed and delivered to one Orpha E. Simpson a promissory note in the sum of $4,000 with interest, receiving the consideration therefor; that no part of the principal and interest has been paid, plaintiffs became the holders of the note by assignment

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

and that the whole is due, owing and unpaid. ▮▮▮ By way of a second cause of action plaintiffs allege that on January 7, 1958, defendants executed and delivered to plaintiffs, as payees, a promissory note of $4,500 payable on demand and bearing interest at one per cent per annum. That no sum of principal or interest has been paid and that the whole thereof is due and owing. There is no allegation that defendants received any money or other consideration represented by this note. A third cause of action alleges that on October 13, 1957, Everett and Lola Ferguson, husband and wife, loaned defendants $3,600; that thereafter defendants executed a written acknowledgment of said debt but that no part of either principal or interest has been paid by defendants. That Lola Ferguson has since died intestate and her interest in said debt has passed to her husband Everett as manager of the community property, who in turn assigned said debt to the plaintiffs for collection.

The answer of defendants admits the execution of the written documents alleged in the three causes of action but denies that there is now due, owing or unpaid thereon any sum on either principal or interest. By way of affirmative defense to each cause of action, defendants allege that prior to the commencement of the action defendants transferred and delivered to plaintiffs certain real property in agreed full payment and satisfaction of each of the written obligations, including principal and interest, and that plaintiffs accepted the same.

The record discloses that plaintiff Dorothy and defendant Marjorie are sisters. Prior to January 7, 1958, plaintiffs were the owners of certain unimproved real property located in the City of Hawthorne. Plaintiffs approached defendant Dale with a proposal for improving this property by construction thereon of a four-unit apartment building in partnership with defendants.

The trial court found that on January 7, 1958, plaintiffs and defendants entered into an oral joint venture whereby it was agreed that Dale would render his services to construct such an apartment building upon the property and plaintiffs were to contribute the said property as their share of the venture. Title to the unimproved property was to be conveyed in the names of defendants for the sole purpose of allowing them to procure a construction loan thereon. Upon completion of the improvements the real property was to be offered for sale, any proceeds derived therefrom to be divided equally between the parties.

On January 7, 1958, plaintiffs, by written instrument, conveyed title to said property to defendants and at the same time defendants executed a promissory note payable on demand to plaintiffs, as payees, in the sum of $4,500 with interest at one per cent per annum for the orally agreed sole purpose of protecting the plaintiffs in the event of the death of defendants prior to completion of said venture. This is the note which is the basis of plaintiffs' second cause of action.

Defendants procured construction loans on said real property and generally supervised the construction of the four-unit apartment building. In addition to using the construction loans thereon, the parties agreed that the $3,600 borrowed by defendants from the Fergusons (third cause of action) was to be and it was used by them in the construction of said units, this obligation to be jointly assumed by plaintiffs and defendants and to be repaid by them upon the sale of the real property.

During the period of the construction of the units the sum of $4,000 was borrowed by the parties from Orpha E. Simpson, the mother of plaintiff Lauren, and evidenced by the promissory note of September 15, 1958, jointly executed by both plaintiffs and defendants. (First cause of action.) The proceeds of this loan were used in the construction of said units. Shortly before final building completion the parties had a dispute and orally agreed to dissolve their joint venture.

Defendants contend that the plaintiffs orally agreed to buy out the interest of defendants therein by paying to them the sum of $1,000 and agreeing to assume and pay the obligations due the Fergusons in the sum of $3,600 and Simpson in the sum of $4,000 and pay and assume all encumbrances and liens of record against said property. Plaintiffs contend that while they actually paid to defendants the sum of $1,000 as the result of which they received a quitclaim deed of defendants' interest in said property and assumed the encumbrances and liens of record, they deny they assumed and agreed to pay the respective $3,600 and $4,000 note obligations. Plaintiffs further contend defendants additionally owe them the $4,500 plus interest represented by the promissory note described in their second cause of action.

The court found that the parties on or about August 31, 1959, orally agreed to dissolve the joint venture, plaintiffs to buy defendants' interest therein by the payment to defendants of $1,000 in cash, plaintiffs to assume and pay to the

Fergusons the said sum of $3,600 and assume and pay to Mrs. Simpson the said sum of $4,000 and to hold defendants harmless from said obligations. A quitclaim deed was thereupon executed by defendants and delivered to plaintiffs as to all their right, title and interest in said property and all obligations, if any, under the said note of $4,500, executed by defendants to plaintiffs on January 7, 1958, were extinguished.

The quitclaim deed was delivered to plaintiffs through an escrow, the written instructions therein having been executed by the parties on September 1, 1959, providing that defendants were to receive the sum of $1,000 from plaintiffs and plaintiffs were to assume the encumbrances and liens of record against said real property in the approximate sum of $25,381. The three obligations referred to in the amended complaint were never encumbrances of record against said property and were not referred to in said escrow instructions.

Plaintiffs now contend that this oral agreement of dissolution is void as violative of the statute of frauds and that the court erred in receiving evidence thereof as contrary to the best evidence rule because of the escrow proceedings had the next day. Plaintiffs raised no such objections to any of the evidence introduced during the trial concerning the terms or manner of terminating the joint venture agreement of the parties nor at any time made any motion to strike any testimony relating thereto.

In any event appellants' claim that the oral agreement of dissolution is invalid is without merit. ■ The existence of a joint venture depends on the intention of the parties. ■ The law requires little formality in its creation or its termination. ■ It may be formal for the purpose of dealing in lands or it may be limited to a speculation upon a single venture. ■ Like any other contract of partnership, it is an agreement to share in the profit and loss of one or more business transactions and need not be in writing under the statute of frauds but may be formed and dissolved by oral agreement and proved by parol evidence. (*Bates* v. *Babcock*, 95 Cal. 479, 488 [30 P. 605, 29 Am.St.Rep. 133, 16 L.R.A. 745] ; *Lasry* v. *Lederman*, 147 Cal.App.2d 480, 487-488 [305 P.2d 663] ; *Bastjan* v. *Bastjan*, 215 Cal. 662, 668 [12 P.2d 627] ; *Jaffe* v. *Heffner*, 173 Cal.App.2d 512, 516 [343 P.2d 374] ; *James* v. *Herbert*, 149 Cal.App.2d 741, 748 [309 P.2d 91] ; *Sly* v. *Abbott*, 89 Cal.App. 209, 216 [264 P. 507].)

■ The fact that an escrow was established for the speci-

fic purpose of vesting title in plaintiffs as a matter of record and that the parties did not in the escrow instructions carry forward all the terms of their oral agreement of dissolution, particularly those concerning the assumption by plaintiffs of the Ferguson and Simpson unrecorded obligations, does not mean that such oral agreement was not valid in all respects.

The finding of the court that plaintiffs agreed to assume these obligations and hold defendants harmless therefor, is further supported by the fact that plaintiffs began making the payments on the Simpson note immediately after receiving the quitclaim deed to the property and have continued to make them as they became due.

The court properly found that the $4,500 note of January 7, 1958, described in plaintiffs' second cause of action, was executed by defendants and delivered to plaintiffs for the sole purpose of protecting them in event of the death of defendants pending construction of the improvements, and being without any other consideration, was fully extinguished by the return of title of the improved real property to plaintiffs and no further written acknowledgment thereof was necessary.

The judgment is affirmed.

Herndon, Acting P. J., and Roth, J., concurred.